FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 08, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

EMANUEL L. FINCH, SR.,

      Plaintiff,

      v.

DEPARTMENT OF CORRECTIONS; GREGORY HOPKINS; and SUSAN BILLER,

      Defendants.

No. 2:24-CV-00148-SAB

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Before the Court is Defendants' Motion for Summary Judgment, ECF No. 36. Plaintiff is pro se. Defendants are represented by Michelle M. Young. The motion was heard without oral argument.

Plaintiff is a state prisoner currently housed at Airway Heights Corrections Center ("AHCC"). He is suing the Washington State Department of Corrections ("DOC"), as well as two DOC staff employed at AHCC.[1] He asserts his constitutional rights were violated when officials did not facilitate his appearance at a civil proceeding in Pierce County Superior Court ("the hearing"). He further claims that multiple DOC policies are unconstitutional.

---

[1] Plaintiff initially filed his complaint in the Spokane County Superior Court, but Defendants timely filed for removal pursuant to 28 U.S.C. § 1441.

**ORDER GRANTING DEFENDANTS' MOTION FOR `SUMMARY JUDGMENT #1**

1    Defendants now move for summary judgment, asserting (1) Defendants had
2  no affirmative duty to facilitate Plaintiff's appearance at the hearing; (2)
3  Defendants did not interfere with Plaintiff's access to the hearing; (3) Plaintiff has
4  not shown a specific actual injury involving a non-frivolous claim; and (4) the
5  challenged DOC policies are constitutional.

6                    **Motion Standard**

7    Summary judgment is appropriate "if the movant shows that there is no
8  genuine dispute as to any material fact and the movant is entitled to judgment as a
9  matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue for trial unless
10  there is sufficient evidence favoring the non-moving party for a jury to return a
11  verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250
12  (1986). The moving party has the initial burden of showing the absence of a
13  genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).
14  If the moving party meets its initial burden, the non-moving party must go beyond
15  the pleadings and "set forth specific facts showing that there is a genuine issue for
16  trial." *Anderson*, 477 U.S. at 248.

17    In addition to showing there are no questions of material fact, the moving
18  party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of*
19  *Wash. L. Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to
20  judgment as a matter of law when the non-moving party fails to make a sufficient
21  showing on an essential element of a claim on which the non-moving party has the
22  burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on
23  conclusory allegations alone to create an issue of material fact. *Hansen v. United*
24  *States*, 7 F.3d 137, 138 (9th Cir. 1993).

25    When considering a motion for summary judgment, a court may neither
26  weigh the evidence nor assess credibility; instead, "the evidence of the non-movant
27  is to be believed, and all justifiable inferences are to be drawn in his favor."
28  *Anderson*, 477 U.S. at 255.

**ORDER GRANTING DEFENDANTS' MOTION FOR `SUMMARY JUDGMENT #2**

**Underlying Facts**

The following facts are viewed in the light most favorable to Plaintiff, the non-moving party.

In late 2022, Plaintiff filed a civil lawsuit against the Pierce County Superior Court. On June 12, 2023, Pierce County Judicial Assistant Patti Wood contacted Defendant Susan Biller, who was serving as the AHCC Legal Liaison Officer, to provide her with call-in information for Plaintiff to access the hearing on June 20, 2023. Defendant Biller replied to Ms. Wood and informed her that Plaintiff's lawsuit did not fall into the category of hearings that are facilitated under DOC policy.

Ms. Wood then contacted Defendant Gregory Hopkins, who was serving as Plaintiff's Corrections Counselor. Defendant Hopkins informed Ms. Wood that he would place Plaintiff on the callout list for June 20, but that it would be Plaintiff's responsibility to call in to the hearing, and that AHCC staff would not be able to assist Plaintiff further. Ms. Wood replied that she understood the policy and Plaintiff had been mailed a letter with the call-in information for the hearing.[2]

On June 20, 2023, Plaintiff was called out of his cell to the dayroom where the phones are located but did not call in to the hearing. Plaintiff then sent Defendant Hopkins a message indicating that Plaintiff had waited in the dayroom for forty minutes but "nothing happened." While Plaintiff was in the dayroom, Defendant Hopkins entered and exited his office multiple times, but Plaintiff did not communicate any issues with his ability to use the phones or otherwise access

---

[2] Plaintiff disputes that he was provided with the call-in information; however, Defendants have provided emails from Ms. Wood stating that she had provided Plaintiff with the information. Plaintiff has requested Defendants file a declaration from Ms. Wood, although it is unclear what purpose this would serve in light of the original emails.

**ORDER GRANTING DEFENDANTS' MOTION FOR `SUMMARY JUDGMENT #3**

1  the hearing. After he failed to appear at the hearing, Plaintiff's civil suit was

2  dismissed without prejudice.

3                              **Legal Framework**

4        Plaintiff brings claims pursuant to 42 U.S.C. § 1983 for violations of his

5  constitutional rights under the First and Fourteenth Amendments. Specifically, he

6  alleges a claim for denying him access to the courts and further alleges that

7  multiple DOC policies themselves are unconstitutional.

8        **A.    42 U.S.C. § 1983**

9        42 U.S.C. § 1983 provides causes of action against a person, who, acting

10  under color of state law, deprives another of rights guaranteed under the

11  Constitution; it does not create any substantive rights. *Jones v. Williams*, 297 F.3d

12  930, 934 (9th Cir. 2002).

13        To succeed in bringing a claim under § 1983, then, the plaintiff must show:

14  (1) that their constitutional rights were violated, and (2) the defendants' actions

15  were taken under color of state law. *Grichen v. Collier*, 254 F.3d 807, 812 (9th Cir.

16  2001).

17        **B.    First Amendment**

18        Prisoners have a constitutional right to access the courts. *Bounds v. Smith*,

19  430 U.S. 817, 821 (1977). That said, states are only required to provide prisoners

20  with the tools necessary to attack an underlying sentence or challenge conditions of

21  confinement. *Lewis v. Casey*, 518 U.S. 343, 355 (1996). "Impairment of any *other*

22  litigating capacity is simply one of the incidental (and perfectly constitutional)

23  consequences of conviction and incarceration." *Id.* (emphasis in original).

24  Furthermore, a prisoner must demonstrate that he or she was actually hindered

25  from pursuing a legal claim. *Id*. at 351 (for example, "that he had suffered arguably

26  actionable harm that he wished to bring before the courts but was so stymied by

27  inadequacies of the law library that he was unable even to file a complaint").

28  //

**ORDER GRANTING DEFENDANTS' MOTION FOR `SUMMARY
JUDGMENT #4**

**E.    Qualified Immunity[3]**

A government official is entitled to qualified immunity from a claim for damages unless the plaintiff raises a genuine issue of fact showing (1) "a violation of a constitutional right," and (2) that the right was "clearly established at the time of [the] defendant's alleged misconduct." *Ballentine v. Tucker*, 28 F.4th 54, 61 (9th Cir. 2022) (quotation omitted). The Court may analyze these elements in any order. *Id.*

"A Government official's conduct violates clearly established law when, at the time of the challenged conduct, 'the contours of a right are sufficiently clear' that every 'reasonable official would have understood that what he is doing violates that right.'" *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). It is not necessary that a case is directly on point, instead existing precedent must have placed the statutory and constitutional question beyond debate. *Id.*

**Analysis**

Defendants are entitled to summary judgment on all of Plaintiff's claims:

1. Defendants are entitled to qualified immunity. As noted above, a prisoner does not have a constitutional right to access the courts, except when attacking the underlying sentence or challenging the conditions of confinement. Here, Plaintiff sought to attend the hearing as part of a civil lawsuit against the Pierce County Superior Court. Even assuming Defendants hindered Plaintiff from attending the hearing, he had no constitutional right to do so, and they therefore could not have violated his constitutional rights. *See Lewis*, 518 U.S. at 355.

2. Even when viewing the facts in the light most favorable to Plaintiff, no reasonable jury would find that Plaintiff's First Amendment rights were violated. As discussed above, Plaintiff did not have a constitutional right to attend the

---

[3] While not raised in the pleadings, the Court nevertheless finds for the reasons below  that the doctrine of qualified immunity applies in this matter.

**ORDER GRANTING DEFENDANTS' MOTION FOR `SUMMARY JUDGMENT #5**

hearing. Defendants nevertheless arranged for Plaintiff to be called out of his cell

to call into the hearing and he chose not to. Even assuming Plaintiff had a right to

pursuit his civil suit, he has failed to demonstrate actual hinderance to his suit

because it was dismissed without prejudice. *See id*. at 351

**Plaintiff's Remaining Claims**

Plaintiff also challenges the constitutionality of two DOC policies: (1) the

Legal Access Policy ("DOC 590.500") and (2) the Mail Policy ("DOC 450.100").

With regard to DOC 590.500, Plaintiff simply concludes that the policy (as

well as the associated Virtual/Telephonic Hearing Request Form) "create a bias

and prejudice" against inmates but does not elaborate further. He also contends the

policy's requirement that a hearing notice must come from a court or attorney (as

opposed to the inmate or the inmate's family) is contradictory to DOC's policy to

"provide[] meaningful access to courts." Even assuming Plaintiff's assertion were

correct, there is no liability under § 1983 for violating prison policy. *See Cousins v.*

*Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (alleged failure to follow prison

policy does not establish federal constitutional violation). Moreover, Defendants

have asserted the policy serves the legitimate penological interests of ensuring

safety and security within DOC facilities. *See Wilkinson v. Austin*, 545 U.S. 209,

227 (2005) (ensuring safety is the dominant consideration in the context of prison

management).

With regard to DOC 450.100, Plaintiff contends the policy prohibits him

from sending legal mail to private individuals. The thrust of Plaintiff's argument is

unclear: the policy lists entities with whom correspondence is considered "legal

mail" but does not prohibit such mail from being shared with other individuals. To

the extent that Plaintiff's argument seems to imply that he has a right to send legal

//

//

//

**ORDER GRANTING DEFENDANTS' MOTION FOR `SUMMARY
JUDGMENT #6**

mail to other individuals in custody at AHCC,[4] Plaintiff is mistaken: Defendants have a clear penological interest in prohibiting mail between inmates incarcerated within the same facility. *See Turner v. Safley*, 482 U.S. 78, 91–93 (1987) (upholding policy prohibiting mail correspondence between inmates at separate facilities).

## Conclusion

Plaintiff has not shown that his constitutional rights were violated under the First or Fourteenth Amendments. In light of this, Defendants are entitled to qualified immunity. Therefore, summary judgment in favor of Defendants is appropriate.

Accordingly, **IT IS HEREBY ORDERED**:

1.    Defendants' Motion for Summary Judgment, ECF No. 36, is **GRANTED**.

2.    The Clerk of Court is directed to **ENTER JUDGMENT** in favor of Defendants and against Plaintiff.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order, provide copies to Plaintiff and counsel, and **close the file**.

**DATED** the 8th day of January 2025.



Stanley A. Bastian
Chief United States District Judge

---

[4] Plaintiff's Complaint states that he is "not allowed to send legal mail here at AHCC to a 'private' person."

**ORDER GRANTING DEFENDANTS' MOTION FOR `SUMMARY JUDGMENT #7**